Daniel, J.
 

 The plaintiffs were two of a firm of nine partners, associated to work the Brindletown Gold Mine, in the county of Burke. By the articles of copartnership, the plaintiffs were to have
 
 k
 
 of the profits of the said mining operation. The company, in the years 1829 and 1830, employed Butler to superintend and oversee the business, and to receive all the gold made at the mine. He was to keep books, and make entries in the same daily, of the quantities of gold that was obtained each day from the mine; and he was at the end of each week to declare a dividend, and pay the same respectively to each of the partners according to their shares. The bill charges, that Butler, during his agency, kept fraudulent accounts, and that he has failed to account and pay to them,' (two of the partners) the just sum received by him for their use: that he is in arrears to them $20)000 or more. In support of the above main charge, the bill proceeds to state
 
 First,
 
 that the mine was one called a surface mine, that Butler had under him a prime set of hands, that he worked them hard, on land unoperated on
 
 *146
 
 before, and he rendered an average aceonnt of but two pen-«yweights of gold to the hand per day — that his successor in the agency, the next year, with an inferior set of hands, worthing over the same land, and having but little fresh mining land, made from four to five pennyweights to the hand per day. Secondly, that the defendant was possessed of but little property in 1829, when he came into their employ — that his wages from the company and others, up to the Fall of the year 1835, was but $3,350; he then left the State for Red River, where, in the year 1836, he was possessed of property to the amount of forty or fifty thousand dollars. Butler in his answer says, that his books and accounts of the affairs of the company, were kept honestly and correctly — that all the gold made at the mine, during his agency,
 
 has been
 
 fairly accounted for and paid over to the company agreeably to his undertaking. He denies all fraud. He denies,
 
 First,
 
 that the mining land, on which he operated, was in its primitive state when he took possession of
 
 it, hut he
 
 says it had been operated on, as he believes, in the spring and summer before he took possession, by one hundred and fifty or two hundred hands. He states, that the profits of the mine, the two years ho had it in possession, were equal or nearly equal to that of his successor' — that the method of saving labor and improving machinery had become much better
 
 known
 
 in
 
 the time of his successor,
 
 than it was in his time, and that circumstance gave his successor the advantage.
 
 Secondly; he
 
 states, that
 
 whilst he was
 
 a manager of gold mines in N. C., he had six slaves and three thousand acres of land — that he worked mines of his own in conjunction with others — that the profits of his slaves, mines, and his own wages, amounted to between five and six thousand dollars up to the year 1835 — that he is now indebted $16,000, money loaned him by persons in Burke county — which money he has laid out in slaves and other property. He denies, that
 
 he
 
 has in his possession, property to the value stated in the bill — he says, that he has 19 slaves of his own, and 23 slaves in common with one Hall.
 

 The plaintiffs put in a replication to the answer.
 

 The testimony taken in the cause, is very voluminous.
 

 
 *147
 
 We have read it through, and given it our attentive consideration. It proves that persons were appointed by the company and Butler, to examine his books and accounts as agent and receiver — that all his accounts appeared to be correct — that the plaintiffs were there present, and appeared to be satisfied. The plaintiffs have received their shares of the gold according to said statements in the books. The charge in the bill, that Butler had fraudulently withheld gold made at the mine, which he oughtio have brought into account, is not supported by any evidence which has been taken in the cause. And each and every circumstance, set forth in the bill to raise a presumption against the fair dealing of Butler, (and which he had explained in his answer,) is by the testimony also satisfactorily explained. And the statements in the answer are completely supported by the proofs in the cause. The bill must be dismissed with costs.
 

 Per Curiam, Bill dismissed with
 
 costs.